## PENNELL'S APPEAL.

1. Where curbing, paving, and laying pipes is done by the district authorities opposite land owned by one person, but divided into several lots; each lot is subject to a lien for the amount of the work done opposite to it. The lien is not joint on the whole property.
2. Settlement of trustees', accounts, charges and commissions allowed.

APPEAL from the Common Pleas of Philadelphia.

*Feb. 4.*—The trustees of Isaac Jones filed their accounts, admitting a debit of $13,463 43, and claiming credits, leaving a balance for distribution of $1079 50. Three items were contested and admitted by the auditor and the court, and this appeal taken; they were,

1. Commissions at 5 per cent. on gross amount of sales, which composed the debit of the account from which these commissions were deducted. The evidence was, that the services were considerably more than ordinary ones; and that the charge was fair; the charge was not much contested.

2. For drawing a deed        -        -        -        $150
   For drawing a deed-poll        -        -        50

The first was a deed by sixteen parties, containing numerous recitals; twenty-one parcels of property, and covering five and a half largest size skins of parchment. Evidence of conveyancers proved it to be usual and fair.

The second was a deed by the sheriff, and services attending thereon; the mere drawing was considered worth $25 or $30.

3. A lien of the district of Spring Garden for paving, iron pipes, &c., made in 1829, 1831. The property was divided into several lots according to a plan. Some of these lots had been previously sold by the sheriff; and it was contended that the lien, being a general one, must be considered to have been paid to the amount of the sale. The question was, whether the remaining lots were liable. The auditor apportioned the claim upon the lots according to their size.

*Budd*, with whom was *C. J. Ingersoll*, appeared for appellants; but the reporter did not hear the argument.

*March* 9.  KENNEDY, J.—This case was referred by the court below to an auditor, who made a lucid and detailed report.  Various exceptions were taken and filed against it, all of which were overruled by the court, and the report confirmed.  Many of the exceptions were to the credits claimed by the accountants, as being either exorbitant or not well founded.  We, however, think that the evidence given before the auditor goes to show pretty clearly, that the credits claimed and excepted to did not exceed what is usually charged and allowed in such cases for similar services; and that he was therefore right in allowing, and the court in confirming, his allowance of them.

A claim, however, set up by the district of Spring Garden against the moneys in the hands of the accountants, arising from the sale of the lots made by them, seems to have been, perhaps, the principal subject of controversy.  This claim was for pitching, curbing, and paving, which the district had done, as far back as from September, 1829, to September, 1832, opposite to the most of the lots sold by the accountants.  The objection to this claim was, that it had been presented to the sheriff of the county, in 1836, and claimed of him out of moneys in his hands, made by a sale under judicial process, directed to him, of some part of the real estate opposite to which the curbing and paving had been done.  It appeared that the claim had never been paid, either in part or in whole, by the sheriff, and that the property sold by him formed but a small part of that opposite to which the curbing and paving had been done.  The auditor, conceiving, however, as I understand his report, that each lot, or separate parcel of the property, was liable only for the curbing and paving done opposite to it, allowed the claim of the district, with the exception of that portion thereof chargeable on the property sold by the sheriff.  This, we think, was right, and in conformity to the first section of the act of the 3d of March, 1818, which makes such claim a lien on the *real estate in front* of which the curbing and paving is done.  Where, therefore, curbing and paving is done by the district, in front of two or more lots adjoining to each other, and belonging to the same owner, the cost of doing the whole does not become a lien or charge upon the lots either jointly or severally, but each lot, as I take it, becomes separately liable for the payment of the cost of the curbing and paving alone done in front of it.  It is, therefore, unlike the lien or charge alluded to by the auditor, which was presented for consideration, in the Presbyterian Corporation *v.* Wallace and others, 3 Rawle, 109; and besides, I may

observe, that the principle of that case has been lately overruled in the matter of the appropriation of the moneys arising from the sale of J. H. Cowden's real estate. Vide the case, 1 Barr. 267.

But there is an item of $42 06, with interest thereon, from the 31st of October, 1831, in the claim of the district of Spring Garden, for iron pipes, which has been specifically objected to, as not coming within the provisions of the act of 1818 ; or within those of any other act before the act of the 16th of April, 1840, which is too late, as is alleged. This may be so, but then the act of the 9th of March, 1826, seems to be sufficient to embrace it, if considered as a tax assessed for furnishing and laying down the pipes in front of the property, which, we think, is the proper light in which it ought to be viewed. Taking this view of it, it became a lien under the act of 1826, upon the property sold by the accountants, and therefore ought to be paid out of the moneys in their hands, arising from the sales thereof.